UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST SCHOOLS FEDERAL
CREDIT UNION,

       Plaintiff,

v.                                                Case No. 8:09-CV-00765-T-17AEP

M/V LE PAPILLON (Official No. 685179),
her engines, tackle, apparel and appurtenances,
etc., *in rem*, and, RICHARD W. SUTER,
*in personam*,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on Plaintiff, Suncoast Schools Federal Credit Union's ("Plaintiff") **Motion for Attorney's Fees, Costs, and Other Expenses** (the "Motion") (Dkt. No. 35).[1]

Plaintiff seeks an award of attorneys' fees and costs, pursuant to the final default judgment entered on December 17, 2009 (Dkt. No. 34). In support of its Motion, Plaintiff filed the affidavit of counsel Eric C. Thiel (Dkt. No. 35, Ex. 2). Defendants have not appeared in this case and no opposition to the Motion has been filed.

---

[1] The Motion was referred to the undersigned by the Honorable Elizabeth A. Kovachevich (Dkt. No. 37).

The Court finds that Plaintiff is indeed entitled to recover its reasonable attorneys' fees and costs.[2] Plaintiff's claims in this action arose out of a contractual obligation based on a Promissory Note and Preferred Ship Mortgage on the M/V Le Papillon, a copy of the Preferred Ship Mortgage being attached to Plaintiff's Complaint. (Dkt. No. 1.) The Preferred Ship Mortgage contains a provision for recovery of costs and attorneys' fees in the event of default.[3] Accordingly, the Court will proceed to consider the reasonableness of the attorneys' fees and costs.

**1) <u>Reasonableness of Attorneys' Fees</u>**

To determine the amount of attorneys' fees that should be awarded, a court follows a three-step process. "First, a court asks if the plaintiff has 'prevailed' in the statutory sense. . . . Second, the court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. . . . Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation

---

[2] "Attorneys' fees generally are not recoverable in admiralty unless (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Natco Ltd. P'ship v. Moran Towing of Florida*, 267 F.3d 1190, 1193 (11th Cir. 2001) (*citing Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730-31 n.5 (5th Cir.1980)). In this case, the Court finds that attorneys' fees are appropriate based on the contractual provision in the Preferred Ship Mortgage entered into by the parties.

[3] The Preferred Ship Mortgage specifically provides in the section titled "Remedies Upon Default" that "[i]n the event of a Default, we may: . . . (6) pursue any amount due and payable under this Mortgage and/or the Note, including our attorneys' fees and legal expenses, and all costs and expenses or [sic] retaking, maintaining, insuring, repairing or rehabilitating, advertising, cleaning, storing and selling the Vessel." (*See* Dkt. No. 1, Preferred Ship Mortgage.)

2

of the results obtained to the work done." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996) (*citing Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

In this case, the District Court entered an Order for Default Judgment and Plaintiff obtained a judgment in the amount of $39,797.66 (Dkt. No. 34). Therefore, Plaintiff is a prevailing party. The Court must now determine the amount of attorneys' fees that should be awarded. In order to do so, the Court applies the "lodestar" approach, multiplying the number of hours spent by a reasonable market rate in the local area.[4]

Thus, the Court must first determine whether the hourly rates charged by the attorneys in this case were reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299 (internal citations omitted). However, a court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form

---

[4] In an unpublished opinion, the Eleventh Circuit affirmed the use of the "lodestar" method for calculating attorneys' fees in an admiralty case. *PDS Gaming Corp. v. M/V Ocean Jewel of St. Petersburg*, Case No. 8:06-cv-2060-T-26TBM, slip op. at 3 (M.D. Fla. Mar. 6, 2008); *see also For Play Ltd. v. Bow to Stern Maint.*, No. 05-22002, 2006 WL 3662339, at *6 (S.D. Fla. Nov. 6, 2006) (adopting the "lodestar" method to calculate attorneys' fees in an admiralty case).

3

an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (citations omitted).

Two attorneys and a paralegal worked on Plaintiff's case. Allen Von Spiegelfeld, a shareholder, billed his work at a rate of $185.00 per hour. Eric Thiel, an associate, billed his work at a rate of $160.00 per hour. Finally, Marie Smith, a paralegal, billed her work at $100.00 per hour. Plaintiff failed to submit evidence that the rates are in line with prevailing market rates. Nevertheless, the Court, based on its experience, finds that these rates are reasonable for the representation in this case. *See Harbor Fed. Savs. Bank v. M/V Sandbar Too*, No. 6:06-cv-89-Orl-18DAB, 2006 WL 1151864, at *1 (M.D. Fla. Apr. 28, 2006) (finding the rate of $185.00/hour for an attorney in the area of admiralty to be reasonable); *Reliable Salvage and Towing, Inc. v. Gunter*, No. 2:06-cv-534-FtM-34SPC, 2007 WL 4557143, at *1 (M.D. Fla. Nov. 20, 2007) (*adopted in part at* No. 2:06-cv-534-FtM-34SPC, 2007 WL 4557140 (M.D. Fla. Dec. 21, 2007)) (finding that $300.00/hour was a reasonable rate "[g]iven the complicated nature of most admiralty law actions" and the attorney's experience in the area); *For Play Ltd. v. Bow to Stern Maint.*, No. 05-22002, 2006 WL 3662339, at *6 (S.D. Fla. Nov. 6, 2006) (finding that $175.00/hour was a reasonable attorney fee in an admiralty case).

Next, the Court must determine the amount of hours reasonably expended. "[E]xcessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed." *Norman*, 836 F.2d at 1301 (internal citations omitted). Thus, fee applicants must exercise "billing judgment." *Id.* (citations omitted). "This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary

4

*irrespective of the skill, reputation or experience of counsel.*" *Id.* (citations omitted). "In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the court." *Id.*

Plaintiff seeks reimbursement for attorneys' fees in the total amount of $12,134.00, which includes $1,000.00 in unbilled fees estimated to be incurred in the matter through completion. (Dkt. No. 35 at 4.) The Court has reviewed the time records and finds the following hours spent on preparing the Complaint and arrest forms to be excessive considering that many of the arrest documents are fairly standard forms:

- 04/19/2009: Drafting all pleadings needed for arrest of vessel - 4.0 hours, Marie Smith (total of $400.00);

- 04/20/2009: Conferences with client; e-mails with client; requesting additional information and documents needed prior to filing complaint; finalizing/revising pleadings - 4.0 hours, Marie Smith, (total of $400.00);

- 04/22/2009: Final preparation and walking through arrest documents - 3.5 hours, Eric Thiel, (total of $560.00).

Because the Court finds that 11.5 hours spent mostly on preparing and drafting the Complaint and arrest documents is excessive, the Court recommends that 3.00 hours be subtracted from paralegal Marie Smith's time and 2.00 hours be subtracted from attorney Eric Thiel's time.

Accordingly, the Court recommends that Plaintiff be awarded attorneys' fees in the amount of $11,514.00.[5]

**2) Reasonableness of Costs**

Plaintiff asserts that it has incurred total costs in the amount of $8,914.17. Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorneys fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citations omitted). "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Id*. (citations omitted).

The Court has reviewed the itemized costs submitted and finds the costs to be reasonable. Therefore, pursuant to the contractual provision in the Preferred Ship Mortgage titled "Remedies Upon Default,"[6] and pursuant to 28 U.S.C. § 1920, the undersigned recommends that Plaintiff be awarded costs in the amount of $8,914.17.

---

[5] This amount was calculated by subtracting 3.00 hours * $100.00 = $300.00 for Marie Smith's time and 2.00 hours * $160.00 = $320.00 for Eric Thiel's time (total of $620.00), from $12,134.00, Plaintiff's requested amount for attorneys' fees. (Dkt. No. 35 at 4.)

[6] As noted above, the provision titled "Remedies Upon Default" states that Plaintiff is entitled to pursue "all costs and expenses for maintaining, insuring, repairing or rehabilitating, advertising, cleaning, and storing, and selling the Vessel." (Dkt. No. 1, Preferred Ship Mortgage.)

6

For the reasons stated herein, this Court respectfully **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees, Costs, and Other Expenses (Dkt. No. 35) be **GRANTED** as follows:

(1) Plaintiff should be paid a total of $11,514.00 in attorneys' fees;

(2) Plaintiff should be paid a total of $8,914.17 in costs;

(3) Plaintiff's total award of fees should be $20,428.00.

**IT IS SO REPORTED** at Tampa, Florida on this 12th day of February, 2010.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Hon. Elizabeth A. Kovachevich
Counsel of Record